IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| **CDK GLOBAL, LLC** | : | |
| Plaintiff, | : | CASE NO.: 1:23-cv-00357 |
| -v- | : | JUDGE: Jeffrey P. Hopkins |
| **TEKION CORP,** *et. al.,* | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY**

**I.  INTRODUCTION**

Plaintiff CDK Global, LLC ("CDK" or "Plaintiff"), seeks expedited discovery that is narrowly-tailored to the issues for the upcoming evidentiary hearing to be scheduled on Plaintiff's Motion for Preliminary Injunction.  This is a routine request.  Nonetheless, Defendants Andrew Backs ("Backs"), Demi Auel ("Auel"), Tyler Sparks ("Sparks"), Richard Dansby ("Dansby"), and Christopher Abbott ("Abbott") (collectively, the "Individual Defendants") and Tekion Corp. ("Tekion," with the Individual Defendants, "Defendants") oppose the scope of CDK's requested discovery.  Despite Defendants' opposition, good cause exists to grant expedited discovery given the pending preliminary injunction hearing, and any disputes as to discovery can be resolved between the parties.  As such, CDK respectfully requests that the Court issue an Order granting CDK's motion for expedited discovery.

**II.  LAW AND ARGUMENT**

**A.  Good Cause Exists to Grant Expedited Discovery**

"Good cause is often found when there is a request for preliminary injunction or where there is a concern that documents or other data will be lost or destroyed." *United States ex rel.*

*Sheldon v. Kettering Health Network,* 2014 U.S. Dist. LEXIS 192808, at *3 (S.D. Ohio Dec. 5, 2014) (citing *Hydropartners, LLC v. Econergy Energy Generation Ltd.,* 2008 U.S. Dist. LEXIS 36042, at *2 (N.D. Ohio Apr. 16, 2008) (granting expedited discovery in advance of preliminary injunction hearing); *see also Tri County Wholesale Distribs. V. Labatt USA Operating Co., LLC,* 2013 U.S. Dist. LEXIS 200651, (S.D. Ohio Apr. 22, 2013) (same); *Hausser Taylor LLC v. RSM McGladrey, Inc.,* 2007 U.S. Dist. LEXIS 70098, at *3 (N.D. Ohio Sept. 21, 2007) (permitting expedited discovery to "allow Plaintiff the opportunity to present evidence warranting a preliminary injunction"); *Legacy Roofing Servs. LLC v. Fusco,* 2023 U.S. Dist. LEXIS 160842, at *5 (N.D. Ohio Sept. 12, 2023) ("The fact that a preliminary injunction motion is pending weighs in favor of good cause").

Good cause is especially prevalent in this case because CDK has alleged unfair competition and misappropriation of trade secrets. *See Caston v. Hoaglin,* 2009 U.S. Dist. LEXIS 49591, at *2 (S.D. Ohio June 12, 2009) ("Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time."). While Defendants contend that CDK is already in possession of all possible evidence that could support such claims and its motion for a preliminary injunction, this is simply incorrect. CDK does not have access to any of the Individual Defendants' personal computers, phones, emails, texts, and documents, nor does it have access to any other employees' personal devices or documents. Similarly, CDK does not possess or have access to any of the communications between Tekion and the Individual Defendants or any other employees of CDK. This District has previously found that a lack of access to such evidence is sufficient good cause to order expedited discovery. *See PUI Audio, Inc. v. Broek,* 2021 U.S. Dist. LEXIS 21420, at *3 (S.D. Ohio Nov. 5, 2021) (finding good cause for expedited discovery of former employee's communications and documentation related "to the

application for, consideration of, or commencement of" the employee's employment with their new employer).

Here, CDK has already filed a motion for a preliminary injunction for which an evidentiary hearing will be scheduled in the near future. Expedited discovery is necessary to allow CDK to present evidence outside of its possession at that evidentiary hearing, and good cause exists for said discovery because this matter involves unfair competition and trade secrets. CDK is not in possession of the documents and communications that it seeks through expedited discovery. Defendants cannot be permitted to claim that CDK "cannot provide any evidentiary support" to meet its burden in this case [Doc. No. 27, PageID #: 385] while simultaneously preventing CDK from obtaining that very same evidence. As good cause exists for expedited discovery in advance of the evidentiary hearing on CDK's motion for preliminary injunction, CDK's motion for expedited discovery should be granted.

> **B. The Parties Can Resolve Any Future Discovery Disputes without the Involvement of the Court**

"Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery." *Luxottica Retail N. Am., Inc. v. Vision Serv. Plan,* 2014 U.S. Dist. LEXIS 128017, at *10 (S.D. Ohio Sept. 12, 2014) (citing *Lemkin v. Bell's Precision Grinding,* 2009 U.S. Dist. LEXIS 126739, at *2 (S.D. Ohio June 2, 2009)). Defendants object to the scope of the discovery sought by Plaintiff, which includes 15 Interrogatories and 14 Document Requests directed to each Defendant, as well as limited deposition practice.[1] However, while CDK and Defendants may initially disagree on the exact scope of expedited discovery, the parties will, as required by this

---

[1] Defendants claim that CDK provided no context for what topics on which it seeks to depose the Individual Defendants. However, CDK plainly stated in its motion that it seeks to depose the Individual Defendants "on the events and circumstances described in Plaintiff's Complaint." (Doc. No. 15, PageID #: 279). Such deposition topics would necessarily relate to Defendants' responses to Plaintiff's expedited discovery requests, the topics for which are set forth in Plaintiff's motion for expedited discovery. (Doc. No. 15).

Court's Local Rules, make a reasonable effort to exhaust all extrajudicial means of resolving any discovery disputes. *See Wilkinson v. Greater Dayton Reg'l Transit Auth.,* at *4 (S.D. Ohio Oct. 19, 2012) ("Rule 37.1 of the Southern District of Ohio Civil Rules not only mandates counsel to take such measures, it contemplates an interactive process between counsel to resolve discovery disputes without judicial intervention."). Ohio Courts have applied this same principle within the context of expedited discovery. *See Jones v. Ferro Corp.,* 2023 U.S. Dist. LEXIS 118415, at *18-19 (N.D. Ohio July 11, 2023) ("In conducting expedited discovery, the Court expects that the parties will work in good faith to carry out expedited discovery within the contours set forth above.").

The parties in this matter can similarly work in good faith to carry out expedited discovery within the contours set forth by the Court, and should be given the opportunity to exhaust all extrajudicial means of resolving any disputes stemming therefrom.

### III. CONCLUSION

For the foregoing reasons, CDK respectfully asks that the Court grant CDK's Motion for Expedited Discovery for good cause to allow CDK to obtain evidence necessary to support its claim for injunctive relief and argument regarding irreparable harm at the upcoming evidentiary hearing to be scheduled on Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

*/s/ Samuel N. Lillard*
Samuel N. Lillard (0040571)
Jantzen D. Mace (0099005)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
88 E. Broad Street, Suite 2025
Columbus, OH 43215
Phone: 614.494.0420
Fax:    614.633.1455
samuel.lillard@ogletree.com
jantzen.mace@ogletree.com
*Attorneys for CDK Global, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on September 25, 2023, a copy of the foregoing *Reply in Support of Motion for Expedited Discovery* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system, including the following:

Michael A. Roberts
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
T: 513.629.2799
F: 513.333.4330
mroberts@brickergraydon.com

*Trial Attorney for All Defendants*

Patrick F. Hickey (admitted *pro hac vice*)
Ben Shipper (admitted *pro hac vice*)
Hickey, Hauck, Bishoff, Jeffers & Seabolt PLLC
One Woodward Avenue, Suite 2000
Detroit, MI 48226
T: 313.964.8600
F: 313.964.8601
phickey@hhbjs.com
bshipper@hhbjs.com

*Attorneys for All Defendants*

/s/ Samuel N. Lillard
Samuel N. Lillard (0040571)

*Trial Attorney for Plaintiff*